O’Neall, J.,
delivered the opinion of the Court.
The only question raised in this case is, whether the defendant, Robert Heriot, should be allowed a credit, in his account with the complainants, for the sum of $900, with interest thereon, being the price of the slave, Lavinia, purchased for the complainant, Mrs. Alexander, then Miss Spierin, by Robert F. Withers, the executor of her mother, Mary E. Spierin, at a sale of the estate of Mrs. George Heriot, which was made by the defendant, Robert Heriot. At the time of this sale Miss Spierin was a minor, and the executor, Mr. Withers, was in the possession of funds to a large amount, to which she was intitled ; and so also was the defendant, Heriot.
Two points are to be considered : first, whether the complain, ants are bound by this purchase ; and, secondly, whether the credit at the sale was given to Miss Spierin, or to Mr. Withers. ’
Upon the first of these points there is little difficulty. A minor ■ is bound by such contracts, only, as are for necessaries suitable to his rank and condition in life; and the purchase in this case was *224 not one necessity, and could not have been binding on the infant, unless affirmed since maturity. The contracts of an infant, however, are not void, but voidable ; and the infant on attaining to full aSe* may affirm, or disaffirm them. What amounts to an affirmation was, perhaps, a very perplexing question, until the case of Cheshire v. Barrett, 4 M’C. 241: but, in that case, the doctrine, that the delivery of goods to an infant, on a sale, was to be regarded as a gratuity, was overruled; and it was held, very properly, that a sale by the party, after he had attained to full age, of the thing bought in infancy, was an affirmation of the contract, to pay the purchase money. In this case there have been acts proved, no less unequivocal, of an affirmation of the contract to purchase the slave, Lavinia. The complainants have, for many years, retained possession of her ; and even, at the hearing, avowed their determination to keep her. Under these circumstances, they are bound by the contract, unless there is something in the other facts of the ,case to discharge them.
Am, p. 159.
In relation to the second point of the inquiry, it appears, that Mr. Withers declared at the sale, that he bought for Miss Spierin; and that the defendant, Heriot, did not require him to give a bond, with security, but dispensed with them, saying, that they were unnecessary, as he had a settlement to make with Mr. Withers. At this time, a part of the funds of Miss Spierin were in the hands of Mr. Heriot, and he had been ordered by the Court of Equity to pay them over to Mr. Withers, as executor; but they had been suffered to remain in the hands of Mr. Heriot, for the support of Miss Spierin.
If Mr. Withers had bought in the character of executor, it is perfectly clear, that Mr. Heriot would have had no right to look to the complainants, except upon shewing, that all the funds of the trust, in the hands of Mr. Withers, had been paid over to them; and that they had not allowed him credit for the price of Lavinia. See Guerry v. Capers, decided at Columbia, in December last. But if Mr. Withers did not buy in the character of executor, he bought as the agent of Miss Spierin, and she must be bound by it.
It is most obvious, that neither Withers, nor Heriot, nor the complainants, ever regarded the purchase as made by the executor, and to be paid for out of the trust funds in his hands. At the sale Mr. Withers was not treated as buying on his own credit. Mr. Heriot looked for payment, not to Mr. Withers, but to the funds of Miss Spierin, which were in his own hands; for he dispensed with the bond and mortgage, saying that he had a settlement to make with *225 Withers. It does not appear, that Withers claimed credit for the price of Laviuia, in the after settlement with the complainants ; nor does it appear, that they looked to the payment being made by him. According to the calculation made of the funds in his hands, with the interest computed, he gave to Mr. Alexander his bond for the whole of the funds in his hands at the time of the settlement; and ii this bond had been paid, no objection could, or would, have been made to the credit now claimed by the defendant, Heriot. But it does not follow, because it has happened, unfortunately for the complainants, that Mr. Withers was unable to pay his bond, that, therefore, the defendant, Heriot, and not they, must sustain the loss of the price of this slave. The bond, in fact, changed the character in which Mr. Withers stood to the complainants ; ' and he thenceforth ceased to be their trustee, and they his cestuy que trusts. He became the debtor to Mr. Alexander, and thereby discharged his trust. It was, in law, a payment of his previous liability. It follows, from these views, that the purchase was the contract of Miss Spierin, by her agent, Mr. Withers, with the defendant, Heriot; and, of course, the complainants are bound by it.
Draiuisr, for the motion.
Inglesby, contra.
But, in another point of view, they are equally bound, even if Mr. Withers had purchased as executor. The property must be considered as mortgaged by Withers, for the purchase money ; and, upon his failing to pay, the defendant would have the right to subject the property to the payment.
The defendant’s motion must therefore be sustained ; and, it is ordered, and decreed, that so much of the Chancellor’s decree as overrules the exception of the defendant, Heriot, in relation to the price of the slave, Lavinia, be reversed : and that the defendant be allowed credit, in his account, for that amount, with interest from the time when it became due.

Decree modified.